G. Thomas Martin, III, Esq. (SBN 218456)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., Suite 170
Los Angeles, CA 90025
T: (323) 988-2400; F: (866) 802-0021
tmartin@consumerlawcenter.com
Attorneys for Plaintiff,

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

CHRISTI BAKER )   Case No.: '09 CV 1449 MMA BLM
)
          Plaintiff, )   VERIFIED COMPLAINT AND DEMAND
)   FOR JURY TRIAL
     vs. )
)   (Unlawful Debt Collection Practices)
BRONSON & MIGLIACCIO, LLP )
)   Demand Does Not Exceed $10,000
          Defendant. )
)

## COMPLAINT

COMES NOW the Plaintiff, CHRISTI BAKER ("Plaintiff"), by and through her attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, BRONSON & MIGLIACCIO, LLP alleges and affirmatively states as follows:

## INTRODUCTION

1.     The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to

1  promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. 1692(a) – (e)).

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. (Cal. Civ. Code §1788.1(a) – (b)).

3. Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of BRONSON & MIGLIACCIO, LLP (hereinafter "Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. For the purposes of this Petition, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy" and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

6. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

VERIFIED COMPLAINT

7. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

8. Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Ramona, County of San Deigo, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

10. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company with a business office in Williamsville, County of Erie, State of New York.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is informed and believes, and thereon alleges, that Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

## FACTUAL ALLEGATIONS

14. Defendant has placed collection calls to Plaintiff seeking and demanding payment for an alleged debt.

15. Defendant called Plaintiff at 619-775-9824 from 716-635-9550.

VERIFIED COMPLAINT

16. Defendant called Plaintiff and hung up before Plaintiff or voicemail answered.

17. Defendant failed to identify itself as a debt collector in subsequent communications. (See Exhibit "A").

18. Defendant failed to provide a debt validation letter.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

19. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

20. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and hangs up without leaving a voicemail message.

   b. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by calling Plaintiff and hanging up without leaving a voicemail message.

   c. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by failing to disclose in subsequent communications that the communication was from a debt collector

   d. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

   e. Defendant violated *§1692g(a)(1-5)* by failing to provide appropriate notice of the debt within 5 days after the initial communication including: (1) the

amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the 30-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the 30-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress. (See Exhibit "B").

## COUNT II

## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA), Cal. Civ. Code § 1788 et seq.

22. Plaintiff repeats, re-alleges and incorporates by reference all of the foregoing paragraphs.

23. Defendant violated the RFDCPA based on the following:

a. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without meaningful disclosure of the caller's identity.

b. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq.*

VERIFIED COMPLAINT

24. As a consequence of Defendant's foregoing actions, Plaintiff has suffered from emotional distress (See Exhibit "B").

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

25. Declaratory judgment that the Defendant's conduct violated the State Act, RFDCPA, and Federal Act, FDCPA.

26. Actual damages.

27. Statutory damages pursuant to the State Act, Cal. Civ. Code § 1788.30(b).

28. Statutory damages pursuant to the Federal Act, 15 U.S.C. 1692k.

29. Costs and reasonable attorney's fees pursuant to the State Act, Cal. Civ Code § 1788.30(c) and the Federal Act, 15 U.S.C. 1692k.

30. Any other relief that this court deems to be just and proper.

RESPECTFULLY SUBMITTED,

DATED: June 23, 2009    KROHN & MOSS, LTD.

By: /s/ [signature]

G. Thomas Martin, III
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHRISTI BAKER, demands trial by jury in this action.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, CHRISTIE BAKER, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, CHRISTIE BAKER, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATED: 06/23/2009           *[signature]*

CHRISTIE BAKER, PLAINTIFF

# EXHIBIT A

VERIFIED COMPLAINT

**CHRISTI BAKER v. BRONSON & MIGLIACCIO, LLP**

Hello, this is an important call for Christi Baker. This is not a telemarketing call. Please ask Christi Baker to call us at 888-900-9749. Thank you. Good bye.

# **EXHIBIT B**

VERIFIED COMPLAINT

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — YES / NO
2. Fear of answering the telephone — YES / NO
3. Nervousness — YES / NO
4. Fear of answering the door — YES / NO
5. Embarrassment when speaking with family or friends — YES / NO
6. Depressions (sad, anxious, or "empty" moods) — YES / NO
7. Chest pains — YES / NO
8. Feelings of hopelessness, pessimism — YES / NO
9. Feelings of guilt, worthlessness, helplessness — YES / NO
10. Appetite and/or weight loss or overeating and weight gain — YES / NO
11. Thoughts of death, suicide or suicide attempts — YES / NO
12. Restlessness or irritability — YES / NO
13. Headache, nausea, chronic pain or fatigue — YES / NO
14. Negative impact on my job — YES / NO
15. Negative impact on my relationships — YES / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: SINCE THE ONSET OF THESE CALLS I HAVE NOT BEEN ABLE TO FOCUS ON MY CHILDREN AND ALL 5 OF THEM HAVE ASKED ME WHAT IS WRONG. MY CHILDREN HAVE RECEIVED HANG UP CALLS AND IT CONFUSES & FRUSTRATES THEM. MY HUSBAND DOES NOT UNDERSTAND WHY MY LIBIDO HAS DRASTICALLY DECREASED AND WONDERS WHO HANGS UP ON HIM. OUR RELATIONSHIP HAS SUFFERED GREATLY. WE HAVE BEEN MARRIED SINCE 1997 AND I WANT EVERYTHING TO BE GOOD FOR US. I AM TERRIFIED OF DEFENDANTS AT THIS POINT

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct

Dated: 23 JUNE 2009

Signed Name: _Christie Baker_

Printed Name: CHRISTIE BAKER

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHRISTIE BAKER,

**(b)** County of Residence of First Listed Plaintiff: **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Krohn & Moss, Ltd. G. Thomas Martin, III (323) 988-2400
10474 Santa Monica Blvd., Suite 401 Los Angeles, CA 90025

## DEFENDANTS
BRONSON & MIGLIACCIO, LLP

County of Residence of First Listed Defendant: **Erie**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**FILED**
2009 JUL -2 PM 3:03
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**'09 CV 1449 MMA BLM**

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

## IV. NATURE OF SUIT
[X] 480 Consumer Credit

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1692 et seq.
Brief description of cause:
Unlawful and abusive debt collection practices

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] Yes

## VIII. RELATED CASE(S) IF ANY

DATE: 07/01/2009
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 002664  AMOUNT $350  7/2/09 BY

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

    (b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

    (c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**    Example:    U.S. Civil Statute: 47 USC 553
    Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS002664
Cashier ID: bhartman
Transaction Date: 07/02/2009
Payer Name: KROHN AND MOSS
----------------------------------
CIVIL FILING FEE
 For: BAKER V BRONSON AND MIGLIACCIO
 Case/Party: D-CAS-3-09-CV-001449-001
 Amount:         $350.00
----------------------------------
CHECK
 Check/Money Order Num: 16896
 Amt Tendered:  $350.00
----------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```